NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARRYL K. HARROD, JR., | : | Civil No. 05-1176 (RBK) |
| Plaintiff, | : | |
| v. | : | OPINION |
| UNITED STATES MARSHAL SERVICE, | : | |
| Defendant. | : | |

**APPEARANCES**:

> DARRYL K. HARROD, JR., #06261-007, Plaintiff pro se
> U.S. Penitentiary Allenwood
> P.O. Box 3000
> White Deer, PA  17887

**KUGLER**, District Judge

Plaintiff Darryl K. Harrod, Jr., a prisoner at U.S. Penitentiary at Allenwood, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty and prison account statement, the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the Bureau of Prisons to deduct an initial partial filing fee from Plaintiff's prison account and forward it to the Clerk when funds are available; and (5) directs the Bureau of Prisons to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed Plaintiff's allegations, the Court finds that the Complaint, as written, fails to state a federal claim upon which relief may be granted.  The

Court will dismiss the access to courts claim with prejudice and grant Plaintiff 45 days leave to file an amended complaint stating a cognizable claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.  If an amended complaint is not filed within 45 days, then without further notice, the Court will enter an order dismissing the Complaint in its entirety for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Plaintiff asserts a claim under the FTCA and violation of his constitutional rights under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff asserts that the United States Marshal Service failed to properly serve his complaint in an action pending before this Court.  Plaintiff alleges that, instead of serving the summons and complaint, the U.S. Marshal Service lost or destroyed them and the accompanying 285 forms.  Plaintiff asserts that, as a result, a Bivens complaint pending before this Court was dismissed.  Plaintiff seeks damages of $2.5 million.

Attached to the Complaint is a Claim for Damage, Injury, or Death signed by Plaintiff on February 23, 2005, addressed to the U.S. Customs House, 2nd & Chestnut Street in Philadelphia, Pennsylvania.  On the form, Plaintiff complains that on September 3, 2003, the United States Marshal Service lost or destroyed 285 forms pertaining to a civil case that was dismissed by Judge Robert B. Kugler.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The in forma pauperis statute, as amended by the Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a

complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

A.  Federal Tort Claims Act

Plaintiff contends that the United States Marshal Service of the United States Department of Justice is liable for damages under the FTCA for loss/destruction of his legal documents, i.e., 285 forms. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994).

Congress waived sovereign immunity under certain circumstances in the FTCA.  The FTCA gives a district court

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see United States v. Muniz, 374 U.S. 150 (1963); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).

Cognizable claims under 28 U.S.C. § 1346(b) include those that are

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, . . . [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch, 67 F.3d at 1091 (quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. at 477.

The essential facts establishing federal jurisdiction must appear on the face of the complaint.  See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936).  A district court lacks jurisdiction over a FTCA claim unless the claimant has exhausted administrative remedies.  See  28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106 (1993); Deutsch, 67 F.3d at 1091.  Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first

> presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Moreover, a district court lacks jurisdiction over a tort claim unless the claim is timely. McNeil, 508 U.S. at 113; Deutsch, 67 F.3d at 1091.  To be timely, a claimant must present the tort claim to the appropriate federal agency within two years and file an action in the district court within six months after notice of the final agency decision.  See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993).  Title 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The requirements that a claimant timely present his claim, and that he do so in writing and for a sum certain are jurisdictional prerequisites to a suit in the district court.  See McNeil, 508 U.S. at 113; Deutsch, 67 F.3d at 1091.

As written, the Complaint in this case does not satisfy the jurisdictional requirements under the FTCA.  Specifically, the face of the Complaint does not show that Plaintiff exhausted the claim before the Department of Justice, as required by 28 U.S.C. § 2675(a).  Nor does the face of the Complaint indicate that Plaintiff presented his claim to the Department of Justice within two years and filed the Complaint in this Court within six months after the date of mailing

of notice of final administrative denial of the claim, as required by 28 U.S.C. § 2401(b). The FTCA claim is therefore subject to dismissal for lack of jurisdiction.

However, because Plaintiff's allegations do not foreclose the possibility that Plaintiff exhausted his FTCA claim before the Department of Justice and filed this Complaint within six months of mailing of the notice of final agency denial, the Court will grant Plaintiff 30 days leave to file an amended complaint stating a cognizable claim under the FTCA.[1]

B.  Access to Courts

The Court construes Plaintiff's allegations as a potential claim under the First Amendment and Bivens for interference with his constitutional right of access to courts. Plaintiff's access to courts claim fails as a matter of law and will be dismissed, however, because Plaintiff lacks standing to pursue an access to courts claim.

An inmate lacks standing to pursue an access to courts claim unless he shows that the alleged conduct "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 352 (1996). To show that conduct hindered an inmate's efforts to pursue a legal claim, he must show that a pending or contemplated legal proceeding was prejudiced or harmed in some way by the alleged conduct or interference. See Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997). In Lewis, the Supreme Court described the following potential actual injuries:

---

[1] Plaintiff should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]. 6 Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 1476 (1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351

In this case, Plaintiff asserts that the United States Marshal Service lost or destroyed his 285 service forms and legal papers, thereby causing this Court to dismiss his Bivens complaint. This Court has reviewed the proceedings in Harrod v. Cox, Civil No. 01-2577 (RBK). By Order filed in that action on September 4, 2003, this Court found that "through no fault of the Plaintiff, and through no fault of the Defendants, the United States Marshal either failed to serve the United States and the Attorney General of the United States, or that no proof of service upon them has been returned, such that there is no evidence of proper service." The September 4, 2003, Order vacated the Clerk's entry of default against Defendant Cox and denied Plaintiff's motion for default judgment on the ground that there was no evidence of proper service. The Order also granted Defendants' motion for summary judgment and dismissed Plaintiff's Bivens claim. However, this Court did not dismiss Plaintiff's Bivens claim as a result of the Marshal Service's failure to effect service, but on the ground that Plaintiff failed to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).

Under these circumstances, Plaintiff's current access to courts claim fails because the Marshal Service's alleged loss and/or destruction of Plaintiff's papers did not cause the dismissal of Plaintiff's Bivens complaint. This Court will therefore dismiss Plaintiff's access to courts claim with prejudice.

7

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis, dismisses the access to courts claim with prejudice, and grants Plaintiff 45 days leave to file an amended complaint stating a cognizable FTCA claim.  If no amended complaint is filed within 45 days of the date of the entry of the Order accompanying this Opinion, then the Court will enter an order dismissing the Complaint without further notice.

        s/Robert B. Kugler
        ROBERT B. KUGLER, U.S.D.J.


Dated:     June 27  , 2005